UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

---------------------------------------------------------------x
PANDORA JEWELERS 1995, INC.,  :
a Florida Corporation,  :   09-CV-61490-Cooke-Bandstra
 :
      Plaintiff,  :
 :
      -against-  :
 :   **ANSWER AND**
PANDORA JEWELRY, LLC,  :   **AFFIRMATIVE DEFENSES**
A Maryland Limited Liability Company,  :
 :
      Defendant.  :
---------------------------------------------------------------x

The Defendant, PANDORA JEWELRY, LLC, a Maryland limited liability company (hereinafter referred to as "Defendant"), having been served with a summons and complaint (the "Complaint"), in Civil Action No. 09-CV-61490, by Plaintiff, PANDORA JEWELERS 1995, INC., a Florida corporation ("Plaintiff"), hereby responds to the Complaint as follows:

I

AS TO
"NATURE OF THIS ACTION"

1.    Defendant denies the allegations set forth in paragraph 1 of the Complaint.

AS TO
"PARTIES, JURISDICTION, AND VENUE"

2.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Complaint and therefore denies the same.

3.    Defendant admits that it is a limited liability company organized and existing under the laws of the State of Maryland having its principal place of business in Howard County,

Maryland and, except as so admitted, denies each and every remaining allegation set forth in paragraph 3 of the Complaint.

4. Defendant denies the allegations set forth in paragraph 4 of the Complaint.

5. Defendant denies that this Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331(a), 1338(b) and 1367 and 15 U.S.C. §1121. Defendant further denies that the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest, and this Court has jurisdiction pursuant to 28 U.S.C. §1332.

6. Defendant admits that it is doing business in the Southern District of Florida and, except as so admitted, denies each and every remaining allegation set forth in paragraph 6 of the Complaint.

7. Defendant admits that it is doing business in the Southern District of Florida and, except as so admitted, denies each and every remaining allegation set forth in paragraph 7 of the Complaint.

## AS TO
## "FACTUAL ALLEGATIONS"

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint and therefore denies the same.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint and therefore denies the same.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Complaint and therefore denies the same.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Complaint and therefore denies the same.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint and therefore denies the same.

13. Defendant admits that it sells jewelry wholesale and, through related companies, in retail outlets under the name and mark PANDORA in Miami, Broward and Palm Beach counties and states that it operates a website at the URL address www.pandora-jewelry.com and, except as so admitted and stated, denies each and every remaining allegation set forth in paragraph 13 of the Complaint.

14. Defendant admits that it is the owner of U.S. Trademark Registration Nos. 3,065,374; 3,640,357; and 3,613,181 as well as pending Serial Application Nos. 77/690,744 and 79/069,628, among others, and respectfully refers the Court to the records of the U.S. Patent and Trademark Office for the particulars of each such registration and application and, except as so admitted, Defendant denies each and every remaining allegation set forth in paragraph 14 of the Complaint.

15. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint and therefore denies the same.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint and therefore denies the same.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint and therefore denies the same.

19. Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint and therefore denies the same.

21. Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Complaint and therefore denies the same.

23. Defendant admits that Plaintiff terminated its contractual relationship as an authorized retailer of Defendant and, except as so admitted, denies each and every remaining allegation set forth in paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in paragraph 24 of the Complaint.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint and therefore denies the same.

26. Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27. Defendant admits that, subsequent to September, 2004, it caused to be filed with the U.S. Patent and Trademark Office applications to register marks that included or comprised the term PANDORA. Defendant executed declarations as part of said application process and, except as so admitted, Defendant lacks knowledge or information sufficient to form a belief as to

the truth of each and every remaining the allegations set forth in paragraph 27 of the Complaint and therefore denies the same.

28. Defendant denies the allegations set forth in paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of the Complaint.

30. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint and therefore denies the same.

### AS TO "COUNT I
### UNFAIR COMPETITION UNDER SECTION 43(a)
### OF THE LANHAM ACT (15 U.S.C. 1125(a))"

31. Defendant repeats and realleges each of the foregoing responses to Paragraphs 1 through 30 of the Complaint as if fully set forth herein.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Complaint and therefore denies the same.

33. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Complaint and therefore denies the same.

34. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Complaint and therefore denies the same.

35. Defendant denies the allegations set forth in paragraph 35 of the Complaint.

36. Defendant admits that it is involved in the sale of jewelry and, except as so admitted, denies each and every remaining allegation set forth in paragraph 36 of the Complaint.

37. Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in paragraph 40 of the Complaint.

Therefore, Defendant requests dismissal of Count I as set forth herein.

## AS TO "COUNT II
## FLORIDA COMMON LAW UNFAIR COMPETITION"

41. Defendant repeats and realleges each of the foregoing responses to Paragraphs 1 through 40 of the Complaint as if fully set forth herein.

42. Defendant denies the allegations set forth in paragraph 42 of the Complaint.

43. Defendant denies the allegations set forth in paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in paragraph 45 of the Complaint.

Therefore, Defendant requests dismissal of Count II as set forth herein.

## AS TO "COUNT III
## FLORIDA COMMON LAW TRADEMARK INFRINGEMENT"

46. Defendant repeats and realleges each of the foregoing responses to Paragraphs 1 through 45 of the Complaint as if fully set forth herein.

47. Defendant denies the allegations set forth in paragraph 47 of the Complaint.

48. Defendant denies the allegations set forth in paragraph 48 of the Complaint.

49. Defendant denies the allegations set forth in paragraph 49 of the Complaint.

50. Defendant denies the allegations set forth in paragraph 50 of the Complaint.

Therefore, Defendant requests dismissal of Count III as set forth herein.

## AS TO "COUNT IV
## CANCELLATION OF DEFENDANT'S IMPROPER
## FEDERAL REGISTRATION PURSUANT TO 15 U.S.C. § 1119"

51. Defendant repeats and realleges each of the foregoing responses to Paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52. Defendant denies the allegations set forth in paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in paragraph 54 of the Complaint.

Therefore, Defendant requests dismissal of Count IV as set forth herein.

## AS TO "COUNT V
## TORTIOUS INTERFERENCE WITH AN
## ADVANTAGEOUS BUSINESS RELATIONSHIP"

55. Defendant repeats and realleges each of the foregoing responses to Paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint and therefore denies the same.

57. Defendant denies the allegation set forth in paragraph 57 of the Complaint.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Complaint and therefore denies the same.

59.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Complaint and therefore denies the same.

60.     Defendant denies the allegations set forth in paragraph 60 of the Complaint.

Therefore, Defendant requests dismissal of Count V as set forth herein.

## II
## FACTS COMMON TO DEFENDANT'S AFFIRMATIVE DEFENSES

61.     As and for its affirmative defenses, Defendant avers that, on or about November 23, 2004, Plaintiff executed and entered into a written agreement with Defendant entitled "Pandora LLC Terms and Conditions" (on letterhead which prominently featured Defendant's federally registered PANDORA Jewelry (stylized) trademark).

62.     By its execution of the November 23, 2004 Agreement, Plaintiff expressly agreed to be bound by the terms and conditions of that Agreement.

63.     That Agreement includes, *inter alia*, provisions referring to Defendant's "distinctive PANDORA Mark", the fact that Defendant had invested significant amounts of time, effort and financial resources to develop market, monitor and control the quality and integrity of products produced under its PANDORA mark as well as references to Plaintiff as "a customer of the Pandora brand of jewelry products."

64. Under the terms of the November 23, 2004 Agreement, Plaintiff was permitted to promote and distribute Defendant's PANDORA brand of jewelry products and undertook not to sell any other brand of modifiable jewelry similar to Defendant's PANDORA brand of jewelry.

65. Upon information and belief, Plaintiff performed its duties and obligations under the November 23, 2004 Agreement for over four (4) years.

66. On or about October 1, 2007, Plaintiff executed and entered into a second written agreement with Defendant entitled "Pandora LLC Web Vendors Requirements" which was also on letterhead displaying the federally registered PANDORA Jewelry (stylized) mark along with notice of Defendant's ownership of such mark by as indicated by the use of the "®" trademark registration symbol.

67. By its execution of the October 1, 2007 Agreement, Plaintiff expressly agreed to be bound by the terms and conditions of that Agreement.

68. That Agreement includes, *inter alia*, provisions referring to Plaintiff as "a customer of the Pandora brand of jewelry products" as well as undertakings by Plaintiff that it would keep its website current with Defendant's Pandora logos and registered trademarks.

69. Under the terms of the October 1, 2007 Agreement, Plaintiff was permitted to sell Defendant's PANDORA brand of jewelry products over the Internet.

70. On or about September 29, 2008, Plaintiff executed and entered into a third written agreement with Defendant entitled the "Pandora Jewelry, LLC Master Purchase Authorization For Sales to Authorized Retailers – Terms and Conditions and Operating Principles" ("MPA"). The first page of the MPA includes at least seven (7) references to

Defendant's federally registered PANDORA trademarks along with notice of Defendant's ownership of such marks as indicated by the use of either a "TM" or a "®" trademark registration symbol.

71.  By its execution of the September 29, 2008 Agreement, Plaintiff expressly agreed to be bound by the terms and conditions of that Agreement.

72.  The MPA Agreement includes, *inter alia*, provisions referring to Plaintiff as an authorized retailer "who meet[s] Pandora's high standards for representing the Pandora Jewelry (Stylized)® brand image." The MPA also includes a number of clauses specifically proscribing the proper use and approval process for Plaintiff to use Defendant's PANDORA trade name and trademarks, including an appendix solely concerning the proper use of Defendant's federally registered trademarks, most of which include or comprise the term PANDORA.

73.  On or about May 18, 2009, Plaintiff notified Defendant by letter that Plaintiff was terminating its agreements with Defendant as an authorized retailer of Defendant's PANDORA brand of jewelry. A copy of the notice of termination letter dated May 18, 2009 from Plaintiff to Defendant is annexed hereto as Exhibit A.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

74.  Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

-10-

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 I Phone 305.372.1800 I Fax 305.372.3508 I kttlaw.com

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel by laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel by acquiescence.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

79. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

80. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

81. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 I Phone 305.372.1800 I Fax 305.372.3508 I kttlaw.com

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

82.  Plaintiff's claims are barred, in whole or in part, by the doctrine of licensee estoppel.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

83.  The Court lacks subject matter jurisdiction.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

84.  Plaintiff's claims are barred, in whole or in part, by the economic loss doctrine.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

85.  Plaintiff's claims are based, in whole or in part, by the doctrine of justification.

WHEREFORE, Defendant demands judgment against Plaintiff and prays that the Court issue an Order:

1)  dismissing, with prejudice, the Complaint of Plaintiff in its entirety;

2)  awarding Defendant its reasonable attorney's fees and costs in connection with this action; and

12

Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon, 9th Floor, Miami, Florida 33134 | Phone 305.372.1800 | Fax 305.372.3508 | kttlaw.com

3)       awarding such other, further and different relief as this Court may deem just and proper.

| | |
|---|---|
| William R. Hansen-Admitted Pro Hac Vice<br>Thomas H. Curtin-Admitted Pro Hac Vice<br>Bernadette M. Reilly<br>Co-Counsel for Defendant<br>LATHROP & GAGE LLP<br>230 Park Avenue, Suite 1847<br>New York, New York  10169<br>Tel: (212) 850-6220<br>Fax: (212) 850-6221 | KOZYAK TROPIN & THROCKMORTON<br>Kenneth R. Hartmann<br>Counsel for Defendant<br>2525 Ponce de Leon, 9th Floor<br>Miami, Florida  33134<br>Tel: (305) 372-1800<br>Fax: (305) 372-3508<br><br>By:   /s/ Kenneth R. Hartmann<br>         Kenneth R. Hartmann<br>         Florida Bar No. 664286 |

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this 28th day of October 2009, we electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: /s/ Kenneth R. Hatmann
     Kenneth R. Hartmann