UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61490-CIV-COOKE/BANDSTRA

PANDORA JEWELERS 1995, INC.,
a FLORIDA CORPORATION,

    Plaintiff,

vs.

PANDORA JEWELRY, LLC, a Maryland
limited liability company, Carrie Ventures,
LLC, a Florida limited liability company,
And HB Retrial, Inc., a Massachusetts
Corporation,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on Plaintiff's Motion to Compel Discovery (D.E. 63) filed on June 19, 2010. Previously, all non-dispositive (discovery) motions were referred to the undersigned by the Honorable Marcia G. Cooke pursuant to 28 U.S.C. §636(b). Following full review of this motion, the response and reply thereto, the Court file and applicable law, it is hereby

ORDERED AND ADJUDGED that plaintiff's Motion to Compel Discovery is DENIED in its entirety for the following reasons:

1. Plaintiff's motion is untimely and did not allow for discovery to be completed before the discovery cut-off date of June 15, 2010. Specifically, plaintiff filed this motion on June 9, 2010, only six days before the close of discovery on June 15, 2010. Plaintiff filed this action on September 18, 2009, and the Court's Scheduling Order setting the discovery deadline date was entered on February 22, 2010. Plaintiff offers no explanation

for waiting over four months to pursue the discovery at issue in this motion.

2. Plaintiff's motion fails to comply with the requirements of Local Rule 26.1.H(2) for motions to compel filed in the Southern District of Florida. Specifically, this Local Rule requires that motions to compel "shall, for each separate interrogatory, question, request for production, request for admission, subpoena request, or deposition question, state: (a) verbatim the specific item to be compelled; (b) the specific objections; (c) the grounds assigned for the objection (if not apparent from the objection); and (d) the reasons assigned as supporting the motion as it relates to that specific item...." Plaintiff fails to set forth any specific deposition question(s), interrogatory response, document request or other discovery requests it seeks to compel in its motion making it impossible for the Court to address the specific subject matter of this motion. Moreover, defendant indicates, and plaintiff does not refute, that certain of the discovery at issue in this motion was never even served on defendant within the discovery period of this case.

3. Plaintiff fails to overcome defendant's assertions of the attorney-client privilege during the deposition of John White by (1) offering clear and convincing evidence of fraud in support of defendant's alleged fraud on the United States Patent and Trademark Office as required in In re *Bose Corp.*, 580 F.3d 1240 (Fed.Cir. 2009), or (2) by making the requisite showing for taking the deposition of opposing counsel as explained in *Klayman v. Freedom's Watch, Inc.*, 2007 WL 4414802, at *5 (S.D. Fla. Dec. 14, 2007) and *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 2007 WL 433084, *3 (S.D. Fla. Feb. 2, 2007). Specifically, the Court finds that plaintiff has failed to establish that it has no other means to obtain the information it seeks from opposing counsel. For example,

defendant previously identified Rene Sindlev, a former director of defendant who was directly involved in the filing of the trademark application at issue in this case, and advises that plaintiff has not sought to take his deposition or obtain other discovery from this individual before attempting to depose opposing counsel.

Accordingly, and for all of the foregoing reasons, plaintiff's Motion to Compel Discovery is DENIED in its entirety.

DONE AND ORDERED in Chambers at Miami, Florida this __23.0__ day of July, 2010.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable Marcia G. Cooke
All counsel of record