UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61490-Civ-COOKE/BANDSTRA

PANDORA JEWELERS 1995, INC.,

    Plaintiff

vs.

PANDORA JEWELRY, LLC, *et al*.,

    Defendants.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES

THIS CASE is before me on the Plaintiff's Motion to Strike the Affirmative Defenses of Defendants Carrie Ventures, LLC and HB Retail, Inc. ("Defendants"). I have reviewed the Parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this order the Plaintiff's Motion is granted in part and denied in part.

#### I. BACKGROUND

The Plaintiff, Pandora Jewelers, Inc., is in the business of selling and marketing jewelry from its retail store in Deerfield Beach, Florida. (*See* Am. Compl. ¶ 14, ECF No. 32). Since 1976, the Plaintiff has used the service mark PANDORA to market, sell, consign, appraise, clean, and repair jewelry. (*Id.* ¶¶ 15, 18). The Defendant, Pandora Jewelry, LLC, manufactures and sells jewelry under the name PANDORA to dealers in the South Florida region. (*Id.* ¶ 23). The Defendant also licenses the operation of retail jewelry stores under the mark PANDORA, and has recently opened its own retail jewelry stores. (*Id.* ¶ 25-26). Defendants Carrie Ventures and HB Retail are individual retail jewelry stores that operate under the mark PANDORA pursuant to a license agreement with Defendant Pandora LLC. (*Id.* ¶¶ 28-29). Pandora LLC

owns several Federal Trademark Registrations for the PANDORA trademark, and has several federal trademark applications pending.[1]  (*Id.* ¶ 30).

The Plaintiff and Pandora LLC entered into an agreement from 2005 through 2009, under which the Plaintiff displayed Pandora LLC's jewelry line in its store and sold its products on its website.[2]  (*Id.* ¶ 33).  In 2008, the Plaintiff noticed that customers were becoming increasingly confused between the Plaintiff's and Pandora LLC's goods and services, allegedly due to Pandora LLC's "expanded advertising efforts of the PANDORA trademark" and "[its] plan to operate retail stores" in the South Florida region.  (*Id.* ¶¶ 35, 39).

On March 26, 2010, the Plaintiff filed its Amended Complaint (ECF No. 32), reasserting its claims against Pandora LLC and also naming Defendants Carrie Ventures and HB Retail.  On April 26, 2010, all Defendants filed their Answers (ECF Nos. 41 – 43), asserting several affirmative defenses.  The Plaintiff has now moved to strike the Defendants affirmative defenses, or in the alternative for judgment on the pleadings on these affirmative defenses.

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(f), the court may strike an insufficient defense or any "redundant, immaterial, impertinent, or scandalous matter" from a pleading.  Motions to strike are generally disfavored and are usually denied "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Scelta v. Delicatessen*

---

[1] Pandora Jewelry LLC has Federal Trademark Registrations for jewelry and printed publications (Registration No. 3,065,374; Registration No. 3,640,357; Registration No. 3,613,181).  (*See* Am. Compl. ¶ 30, ECF No. 32).  The company also has pending trademark applications for variations of the PANDORA trademark, including, for example, an intent to use for retail store services.  (*Id.*).

[2] The agreement fell apart when Google, Inc. rescinded its contract with the Plaintiff following a trademark complaint filed by Pandora LLC in an effort to prevent the Plaintiff from using the PANDORA trademark in advertising.  (*Id.* ¶ 36).

*Support Servs., Inc,*, 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1999) (internal citations omitted). "In evaluating a motion to strike, the Court must treat all well-pleaded facts as admitted and cannot consider matters beyond the pleadings." *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997) (internal citation omitted).

"Affirmative defenses, however, are subject to the general pleading requirements of [Federal Rule of Civil Procedure] 8(a) and will be stricken if they fail to recite more than bare-bones conclusory allegations." *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007). "An affirmative defense should only be stricken when it is insufficient as a matter of law." *Id.* "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.* (quoting *Microsoft Corp. v. Jessee's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

### III. ANALYSIS

#### A. Affirmative Defense One

The Defendants first affirmative defense states "Plaintiff's Amended Complaint fails to state a cause of action upon which relief may be granted." (*See, e.g., Answer* ¶ 118, ECF No. 42). The Plaintiff agues that this is not an affirmative defense and that it should be stricken. *See In re Rawson Food Svc., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense.") The Defendants respond that when "failure to state a claim" is raised as an affirmative defense it should be treated as denial. (Defs.' Opp'n to Pl.'s Mot. to Strike 15, ECF No. 61) (citing *Gonzalez v. Spears Holding, Inc.*, No. 09-60501, 2009 WL 2391233, at *2 (S.D. Fla. July 31, 2009)).

While treating the "failure to state a claim" affirmative defense as a denial, and allowing it to remain as an affirmative defense may be permissible, I believe the better practice is to properly label denials and affirmative defenses, and to keep these two defenses separate. For these reasons, the Plaintiff's motion to strike the Defendants' first affirmative defense is granted.

## B.  *Affirmative Defenses Two through Nine*

The Plaintiff asserts two main arguments why the Defendants' second through ninth affirmative defenses should be stricken. First, the Plaintiff argues that the defenses are "personal" and cannot be pleaded by third-parties whom the alleged actions were not directed. (Pl.'s Mot. to Strike 4, ECF No. 54). Second, the Plaintiff contends that the affirmative defenses do not allege any of the required elements and merely make conclusory statements. (*Id.*).

In response to the first attack, the Defendants assert that since a trademark licensee may assert the rights of the licensor to bring an infringement action, it naturally follows that a trademark licensee should be able to assert the rights of the licensor to defend against claims of infringement by a third party. (Defs.' Opp'n to Pl.'s Mot. to Strike 7, ECF No. 61). Responding to the Plaintiff's second argument, the Defendants explain that they have pleaded sufficient facts in their answers to support each of the affirmative defenses raised. (*Id.* at 8).

Equitable defenses are "personal defenses, based upon the trademark owner's conduct [in relation to] the defendant." *Exxon Corp. v. Oxford Clothes, Inc.*, 109 F.3d 1070, 1078 n.11 (5th Cir. 1997). A defendant may not rely on a plaintiff's action or inaction directed toward another entity to form the basis of its equitable defenses. *See Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1046 (4th Cir. 1984); *see also Paramount Pictures Corp. v. Carol Publ'g Group*, 11 F. Supp. 2d 329, 338 (S.D.N.Y. 1998); *Libby Glass, Inc. v. Oneida Ltd.*, 61 F. Supp. 2d 700, 719 (N.D. Ohio 1999).

Neither party has cited, nor have I discovered, any case law regarding whether a nonexclusive licensee of a trademark may assert the equitable defenses of the licensor in a trademark infringement action. The Defendants argument is sound that if a licensee, asserting the rights of the licensor, may bring an infringement action it stands to reason that that same licensee may defend an infringement action by asserting the rights of the licensor. In other words, if the licensee may use the licensor's rights as a sword, it should also be permitted to use those same rights as a shield. The critical issue then whether the Defendants, as nonexclusive licensees, are in a position to assert the rights (and defenses) of the licensor, Pandora LLC.[3]

A claim for false designation of origin under Section 43(a) of the Lanham Act may be brought "by any person who believes that he or she is or is likely to be damaged" by the false designation of origin. 15 U.S.C. § 1125(a)(1); *see also Phoenix of Broward, Inc. v. McDonald's Corp.*, 489 F.3d 1156, 1163 (11th Cir. 2007). Given the broad standing inquiry under Section 43(a), the Defendants, as nonexclusive licensees, would have standing to bring a false designation of origin claim, essentially asserting the rights of Pandora LLC, the licensor. It naturally follows, that these Defendants must also be able to assert the defenses of Pandora LLC in defending a false designation of origin claim. The Defendants, as licensees, are standing in the shoes of Pandora LLC, as licensor. Just as these Defendants, as licensees, would be permitted to use a Section 43(a) claim as a sword, these Defendants may use the equitable defenses, applicable to Pandora LLC, as a shield in defending the Plaintiff's Section 43(a) claim.

Regarding the Plaintiff's second argument, I have reviewed the Defendants Affirmative Defenses, and find that they adequately allege all of the essential elements of the defenses, and

---

[3] Since the Plaintiff's primary claims against the Defendants are for false designation under Section 43(a) of the Lanham Act, the standing analysis is appropriately focused on a Section 43(a) claim.

do not merely contain conclusory statements.  For all of these reasons, the Plaintiff's motion to strike affirmative defenses two through nine is denied.

### C. *Affirmative Defenses Ten through Twelve*

The Defendants have withdrawn affirmative defenses ten, eleven, and twelve.  The Plaintiff's motion to strike these affirmative defenses is denied as moot.

### IV. CONCLUSION

For the reasons explained in this order, it is **ORDERED and ADJUDGED** that the Plaintiff's Motion to Strike the Affirmative Defenses of Carrie Ventures, LLC and HB Retail, Inc. (ECF No. 54) is **GRANTED in part, and DENIED in part**, as follows:

1. The Defendants' First Affirmative Defense, for failure to state a claim, is **STRICKEN**.

2. The Defendants' Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Affirmative Defenses remain.

3. The Defendants have withdrawn the Defendants' Tenth, Eleventh, and Twelfth Affirmative Defenses.

4. Relatedly, for the same reasons explained in this order the Plaintiff's alternative Motion For Judgment on the Pleadings is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 21st day of December 2010.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*