UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61490-Civ-COOKE/BANDSTRA

PANDORA JEWELERS 1995, INC.,

    Plaintiff

vs.

PANDORA JEWELRY, LLC, *et al*.,

    Defendants.

_____/

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO STRIKE COUNTERCLAIM
REQUESTS FOR RELIEF AND FOR JUDGMENT ON THE PLEADINGS**

THIS MATTER is before me on the Plaintiff's Motion to Strike Defendant's Counterclaim Requests for Relief and for Judgment on the Pleadings on Defendant Pandora Jewelry LLC's Declaratory Judgment Counterclaim. (ECF No. 53). I have reviewed the parties' arguments, the record, and the relevant legal authorities. For the reasons explained in this Order, the Plaintiff's motion is granted in part and denied in part.

**I. BACKGROUND**

Plaintiff, Pandora Jewelers, Inc. ("Pandora Inc."), is in the business of selling and marketing jewelry from its retail store in Deerfield Beach, Florida. (*See* Am. Compl. ¶ 14, ECF No. 32). Since 1976, the Pandora Inc. has used the service mark PANDORA to market, sell, consign, appraise, clean, and repair jewelry. (*Id.* ¶¶ 15, 18). Defendant and Counterclaimant, Pandora Jewelry, LLC ("Pandora LLC"), manufactures and sells jewelry under the name PANDORA to dealers in the South Florida region. (*Id.* ¶ 23). Pandora LLC also licenses the operation of retail jewelry stores under the mark PANDORA, and has recently opened its own

retail jewelry stores. (*Id.* ¶ 25-26). Defendants Carrie Ventures and HB Retail are individual retail jewelry stores that operate under the mark PANDORA pursuant to a license agreement with Pandora LLC. (*Id.* ¶¶ 28-29). Pandora LLC owns several Federal Trademark Registrations for the PANDORA trademark, and has several federal trademark applications pending.[1] (*Id.* ¶ 30).

Pandora Inc. and Pandora LLC entered into an agreement from 2005 through 2009, under which Pandora Inc. displayed Pandora LLC's jewelry line in its store and sold its products on its website.[2] (*Id.* ¶ 33). In 2008, Pandora Inc. noticed that customers were becoming increasingly confused between Pandora Inc.'s and Pandora LLC's goods and services, allegedly due to Pandora LLC's "expanded advertising efforts of the PANDORA trademark" and "[its] plan to operate retail stores" in the South Florida region. (*Id.* ¶¶ 35, 39).

On March 26, 2010, Pandora Inc. filed its Amended Complaint (ECF No. 32), reasserting its claims against Pandora LLC and also naming Defendants Carrie Ventures and HB Retail. On April 26, 2010, all Defendants filed their Answers (ECF Nos. 41 – 43), asserting several affirmative defenses. Defendant Pandora LLC also asserted a counterclaim. Pandora Inc. now moves to strike Defendant Pandora LLC's counterclaim requests for relief, or in the alternative for judgment on the counterclaim.

---

[1] Pandora LLC has Federal Trademark Registrations for jewelry and printed publications (Registration No. 3,065,374; Registration No. 3,640,357; Registration No. 3,613,181). (*See* Am. Compl. ¶ 30, ECF No. 32). The company also has pending trademark applications for variations of the PANDORA trademark, including, for example, an intent to use for retail store services. (*Id.*).

[2] The agreement fell apart when Google, Inc. rescinded its contract with the Plaintiff following a trademark complaint filed by Pandora LLC in an effort to prevent Pandora Inc. from using the PANDORA trademark in advertising. (*Id.* ¶ 36).

## II.  LEGAL STOW ITHDRAWTANDARD

### A. *Pandora Inc.'s Motion to Strike*

Under Federal Rule of Civil Procedure 12(f), a court may strike an insufficient defense or any "redundant, immaterial, impertinent, or scandalous matter" from a pleading.  Motions to strike are generally disfavored and are granted "only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962).  The action of striking a pleading "is a drastic remedy to be resorted to only when required for the purpose of justice." *Id.*  "In evaluating a motion to strike, the Court must treat all well-pleaded facts as admitted and cannot consider matters beyond the pleadings." *Seibel v. Soc'y Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997) (internal citation omitted).  Moreover, "when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *Augustus*, 306 F.2d at 868.

Pandora Inc. argues that certain of Pandora LLC's requests for relief in its counterclaim should be stricken because, although it is labeled as a one-count Declaratory Judgment counterclaim, it requests injunctive relief, monetary damages and "unsubstantiated broad sweeping declaratory relief."  Pandora Inc. argues that the Declaratory Judgment Act does not permit an award of injunctive relief or other non-declaratory relief.

In support of its motion, Pandora Inc. cites *Christ v. Beneficial Corp.*, 547 F.3d 1292, 1298 (11th Cir. 2008), for the proposition that injunctive relief and monetary relief are not permitted under the Declaratory Judgment Act.  *Christ*, however, is inapposite.  There, the court held that the plaintiff could not assert claims for injunctive relief because the underlying statute—the Truth in Lending Act—did not expressly provide for such remedies.  *Christ*, 547

3

F.3d at 1298 ("[Plaintiff's] claim under the Declaratory Judgment Act does not create a basis for class certification . . . if none exists under TILA").  Thus, courts cannot imply a private remedy where a governing statutory scheme does not expressly provide for one.  *See Christ*, 547 F.3d at 1299 ("[T]he Declaratory Judgment Act does not create remedies otherwise unavailable to the plaintiffs in the anticipation of a coercive action.").

The Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, which is the basis for certain of Pandora Inc.'s claims and the Defendant's counterclaim, expressly provides for injunctive relief and recovery of damages, costs, and attorney's fees.  15 U.S.C. §§ 1116, 1117.  Pandora LLC's counterclaim is admittedly inartfully drafted as a one-count counterclaim.  However, the Federal Rules of Civil Procedure require only a "short and plain statement" of a party's claims.  Fed. R. Civ. P. 8(a).  Pandora LLC's allegations in support of its requests for relief are brief, but sufficient to place Pandora Inc. on notice of the claim.  Moreover, Pandora LLC's requests for injunctive relief or monetary damages (requests for relief numbered 4-8) do not consist of redundant, immaterial, impertinent, or scandalous pleadings.  Those requests for relief are sufficiently related to the controversy and may therefore stand.  *See Augustus*, 306 F.2d at 868.

Pandora LLC's request for relief 1 (asking for a dismissal, with prejudice, of the Plaintiff's Amended Complaint in its entirety), however, is unsupported by its allegations.  Pandora LLC makes no allegations with respect to its co-Defendants that would warrant the dismissal of the counts against them.  As such, I will strike Plaintiff's request for relief 1.

### B. *Plaintiff's Motion for Judgment on the Pleadings*

A judgment on the pleadings is appropriate when no issues of material fact exist, and the movant is entitled to judgment as a matter of law.  *Ortega v. Christian*, 85 F.3d 1521, 1525 (11th Cir. 1996).  Pandora Inc. has filed a motion for summary judgment against Pandora LLC that

currently is pending. In the interest of judicial economy, I will deny Plaintiff's Motion for Judgment on the Pleadings without prejudice and rule on the Plaintiff's Motion for Summary Judgment, which likely presents a fuller factual record than the present motion as it was filed after discovery closed.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that the Plaintiff's Motion to Strike Defendant's Counterclaim Requests for Relief and for Judgment on the Pleadings on Defendant Pandora Jewelry LLC's Declaratory Judgment Counterclaim (ECF No. 53) is **GRANTED in part, and DENIED in part**, as follows:

1. Pandora LLC's first request for relief is **STRICKEN**. The Plaintiff's Motion to Strike is **GRANTED** with respect to that request for relief.

2. Pandora LLC's requests for relief 4-8 remain. The Plaintiff's Motion to Strike is **DENIED** with respect to those requests for relief.

3. Plaintiff's Motion for Judgment on the Pleadings is **DENIED** without prejudice.

**DONE and ORDERED** in chambers, at Miami, Florida, this 16th day of March 2011.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*Counsel of record*