UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61490-Civ-COOKE/TURNOFF

PANDORA JEWELERS 1995, INC.,

    *Plaintiff*,

v.

PANDORA JEWELRY, LLC,

    *Defendant.*
_____/

**OMNIBUS ORDER ON MOTIONS TO STRIKE**

THIS CASE is before me on Defendants' Motion to Strike Plaintiff's Evidence filed in Support of Plaintiff's Motions for Summary Judgment (ECF No. 116), Defendants' Motion to Strike Plaintiff's Evidence filed in Opposition to Defendants' Motion for Summary Judgment (ECF No. 149), and Defendants' Motion to Strike Certain Improper Submissions by Plaintiff in Reply to its Motions for Summary Judgment (ECF No. 168). I have reviewed the arguments, the record, and the relevant legal authorities. I will address each of Defendants' Motions in turn.[1]

**A. Defendants' Motion to Strike Plaintiff's Evidence**

Two of Defendants' Motions to Strike contain identical arguments and seek to strike identical material. (*See* ECF Nos. 116 and 149). Defendants move to strike (i) Pandora Inc.'s evidence of actual confusion because it amounts to inadmissible hearsay, and (ii) unauthenticated exhibits to the Wasson Declaration.

---

[1] The facts of this case are set forth in my March 18, 2010 Order denying Motion for Preliminary Injunction. (ECF No. 30).

1. Evidence of Actual Confusion

Defendants move to strike as inadmissible hearsay (i) paragraphs 33 and 34 and exhibit Z to the Tyler Wasson Declaration, and (ii) the Turner Declaration in its entirety. Pandora Inc. has submitted this evidence to show that actual customer confusion exists over the use of the Pandora marks.

Rule 56(c)(4) of the Federal Rules of Civil Procedure provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, [and] set out facts that would be admissible in evidence." "The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment." *Macuba v. Deboer*, 193 F.3d 1316, 1322 (11th Cir. 1999) (internal quotations omitted). However, "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Id*. (internal quotations omitted).

Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). Pandora Inc. argues that the evidence at issue here is either non-hearsay or falls within a hearsay exception under Rule 803(3) of the Federal Rules of Civil Procedure for "the then existing state of mind" or under the Rule 803(1) for a "present sense impression." "[T]he state of mind exception refers to the state of mind of the declarant, not to the state of mind of the listener or hearer of the statement." *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1216 (11th Cir. 2010). The present sense impression exception applies to statements "describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately

thereafter." Fed R. Evid. 803(1).

*Wasson Declaration*

Defendants point specifically to one sentence in paragraph 33 of Mr. Wasson's declaration where he states, "We have experienced a dramatic increase of instances of confusion since the opening of the two [Pandora LLC retail stores] in South Florida." Pandora Inc. uses this statement to show that customers were actually confused about the ownership of the Pandora name and trademarks. This statement is admittedly vague and poorly drafted. First, Mr. Wasson uses the plural pronoun "we" without definition (though it appears he is referring to the company as a whole). Second, he does not identify whether he has personally witnessed these "instances of confusion," and does not explain what each "instance of confusion" was about, and who was confused. Pandora Inc. appears to argue that Mr. Wasson's statement is based on the "confusion" log discussed below.

Despite these shortcomings, I will analyze this statement, inferring that Mr. Wasson means that employees reported to him that customers made statements indicating confusion about the use of the Pandora marks. Viewed in this way, this statement is inadmissible because it constitutes double hearsay. *See Ocean Bio-Chem, Inc. v. Turner Network Television, Inc.*, 741 F. Supp. 1546, 1559 (S.D. Fla. 1990) (finding an affidavit contained inadmissible double hearsay when "an out-of-court declarant attest[ed] to the out-of-court statements of others"). The first layer of hearsay is the employees telling Mr. Wasson what they heard from the customers. Such statements may be admissible under the "then-existing state of mind" hearsay exception to show that customers were confused. The second layer of hearsay is Mr. Wasson making a statement under oath

about what employees told him about what the customers said. None of the hearsay exceptions apply to the second layer of hearsay. Such double hearsay is inadmissible for the purposes of proving actual confusion.

In paragraph 34, Mr. Wasson recounts an incident on June 29, 2010, when at least one Pandora Inc. employee attended a bridal show event. Mr. Wasson avers, "[o]ur employees attending the show experienced actual confusion." Although not clearly drafted, it appears that Mr. Wasson means that the employees reported to him that customers were confused, not that the employees themselves were confused. This statement consists of double hearsay for the same reasons as stated above. Mr. Wasson is making a statement based on employees' statements to him about what they heard from customers. Like the statement in paragraph 33, the statement in paragraph 34 is inadmissible as double hearsay.

*Exhibit Z – Confusion Log*

Mr. Wasson identifies Exhibit Z as follows: "As part of our business since this case was filed, we have kept a log of the instances of confusion that have occurred in our retail location." Wasson Decl. ¶ 33. Exhibit Z is a handwritten log of customer statements or inquiries to Pandora Inc. employees about Pandora LLC's products or retail stores. Some of the entries state that the customer was confused, other entries state that the customer asked about Pandora LLC products or stores.

Defendants argue that the log entries consist of inadmissible hearsay. Pandora Inc. argues that the log entries are either non-hearsay or admissible under the "business records," "state of mind," and/or "present sense impression" exceptions to hearsay. As noted above, "a district court may consider a hearsay statement in passing on a motion for

4

summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Macuba*, 193 F.3d at 1322 (internal quotations omitted).

The log is not admissible under the business records hearsay exception. Rule 803(6) of the Federal Rules of Evidence provides an exception under the hearsay rules for records that are "prepared and maintained for business purposes in the ordinary course of business and not for purposes of litigation." Mr. Wasson avers that Pandora Inc. began keeping this log "since this case was filed," which indicates that the purpose of this log was for use in litigation.

The entries that reflect customer comments or inquiries asking about Pandora LLC products or stores may fall under the "state of mind" and "present sense impression" hearsay exceptions. *See Citizens Fin. Grp., Inc. v. Citizens Nat'l Bank of Evans City*, 383 F.3d 110, 121 (3d Cir. 2004) (confusion log entries were hearsay, but fell under present sense impression exception). There are two layers of hearsay here. First, the employees' statements regarding the customers' comments or inquiries reflect the customers' then-existing state of mind, i.e., confusion. Second, the employees' drafting of entries into the log may fall under the present sense impression hearsay exception, if recorded as the event occurred or shortly thereafter. That is not to say that these entries will be admissible in trial; but they *could be* reduced to admissible evidence if Pandora Inc. lays the proper foundation. *Cf. Univ. of Ga. Athletic Ass'n v. Laite*, 756 F.2d 1535, 1546 (11th Cir. 1985) (admitting as evidence of actual confusion an affidavit from a professor who stated that he received inquiries in person or by telephone about an infringing mark).

As to the entries that contain the thoughts or conclusions of employees regarding

the customers' confusion, such entries must be excluded.[2] *See Citizens Fin. Grp., Inc.*, 383 F.3d at 121-22 (upholding district court ruling to exclude log entries that reflected "the thought process, conclusion, analysis or interpretation" of the employee who filled out the entry, and noting that "it was proper for the court to make such requirement under Fed. R. Evid. 803(1)"); *see also Vitek Sys., Inc. v. Abbott Labs.*, 675 F.2d 190, 194 (8th Cir. 1982) (excluding handwritten memorandum of employee's meeting with customer as evidence of confusion because such evidence would elicit employee's evaluation of customer's thought process, and such testimony "does not fall within the present sense impression exception to the hearsay rule.").

*Turner Declaration*

In her declaration, Kim Turner, a Pandora Inc. employee, recounts an incident in which she went to a bridal show in Boca Raton, Florida. Ms. Turner generally states that customers thought she represented Pandora LLC or that Pandora Inc. and Pandora LLC were the same. For example, she avers that customers "referred to us as 'Pandora the charm company,'" she had to explain to customers that she did not represent Pandora LLC, and customers stated they thought "we were Defendants charm company." The statements regarding the customer's comments and inquiries are admissible under the "then-existing state of mind" hearsay exception. *See Popular Bank of Fla. v. Banco Popular de Puerto Rico*, 9 F. Supp. 2d 1347, 1360 (S. D. Fla. 1998) (testimony by switchboard operator about misdirected calls due to confusion about trademark owner

---

[2] For example, some of the entries state, "Heard we were taken over by Pandora LLC—that we sold to them—confused when I explained the correct information"; "[Customer] was quite confused."; "Customer came into store looking for a specific bracelet from the Pandora line . . . She was confused by the name on the awning"; "2 ladies walked in and wanted Pandora charms confused re Pandora Fine Jewelry mix up"; "[Customer] was confused by name in Boca Center (Pandora) charm place"; "customers came in confused that we were the charm co. – they wanted only Pandora charms."

was admissible under "then-existing state of mind" hearsay exception).

    2.  Unauthenticated Documents

Defendants move to strike certain unauthenticated documents attached to Mr. Wasson's declaration.  Defendants note, "[a]mong the nearly 800 pages of documents attached to the Wasson declaration are numerous pages of materials bearing no Bates stamps, whose origin is unknown, and on which Defendants has never had the opportunity to question Plaintiff."  Defendants do not identify these documents so that the Court may review them and reach a proper decision. "[T]he onus is upon the parties to formulate arguments." *Resolution Trust Corp. v. Dunmar Corp.,* 43 F.3d 587, 599 (11th Cir. 1995).  Because I cannot identify the documents that are at issue, I will deny Defendants' motion on this ground without prejudice.

**B.  Defendants' Motion to Strike Plaintiff's Improper Submission**

Defendants move to strike Exhibits II and X to Plaintiff's Reply in support of its Motion for Partial Summary Judgment Against Pandora Jewelry, and Exhibit I to Plaintiff's Reply in support of its Motion for Partial Summary Judgment Against Carrie Ventures and HB Retail.  Plaintiff has not opposed this motion.  Exhibit II is a 35-page chart laying out Pandora Inc.'s responses to each evidentiary objection that Pandora LLC raised in its Responses to Plaintiff's Statement of Material Facts.  Exhibit X is a 34-page chart laying out Pandora Inc.'s responses to "comments and arguments" Pandora LLC raised in its Responses to Plaintiff's Statement of Material Facts.  Exhibit I is a 29-page chart laying out Pandora Inc.'s responses to each evidentiary objection that Carrie Ventures and HB Retail raised in their Responses to Plaintiff's Statement of Material Facts.

Pandora LLC argues that these exhibits should be stricken because they violate Local Rule 7.5, which governs motions for summary judgment. The exhibits in question contain legal argument. Through the filing of these exhibits, Pandora Inc. circumvented the page limitations for a reply brief and a statement of material facts. I will therefore strike the exhibits for failure to conform with Local Rules 7.5 and 7.1.

For the foregoing reasons, it is hereby **ORDERED and ADJUDGED** that:

1. Defendants' Motion to Strike Plaintiff's Evidence filed in Support of Plaintiff's Motions for Summary Judgment (ECF No. 116) is **GRANTED in part and DENIED in part**, as follows:

   a. The first sentence of paragraph 33 of Mr. Wasson's declaration is **STRICKEN**.

   b. The second sentence of paragraph 34 of Mr. Wasson's declaration is **STRICKEN**.

   c. Any entries in Exhibit Z that reflect the thought process, conclusion, analysis or interpretation of an employee are **STRICKEN**.

   d. Defendants' Motion to strike unauthenticated documents attached to the Wasson Declaration is **DENIED** without prejudice.

2. Defendants' Motion to Strike Plaintiff's Evidence filed in Opposition to Defendants' Motion for Summary Judgment (ECF No. 149) is **GRANTED in part and DENIED in part**, as follows:

   a. The first sentence of paragraph 33 of Mr. Wasson's declaration is **STRICKEN**.

   b. The second sentence of paragraph 34 of Mr. Wasson's declaration is

        **STRICKEN**.

    c. Any entries in Exhibit Z that reflect the thought process, conclusion, analysis or interpretation of an employee are **STRICKEN**.

    d. Defendants' Motion to strike unauthenticated documents attached to the Wasson Declaration is **DENIED** without prejudice.

3. Defendants' Motion to Strike Certain Improper Submissions by Plaintiff in Reply to its Motions for Summary Judgment (ECF No. 168) is **GRANTED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 12th day of May 2011.

_____
MARCIA G. COOKE
United States District Judge


Copies furnished to:
*William C. Turnoff, U.S. Magistrate Judge*
*Counsel of record*